

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| AJARON GAMBLE, #257354,<br>　　　　Petitioner,<br><br>vs.<br><br>WARDEN LEE CORRECTIONAL<br>INSTITUTION,<br>　　　　Respondent. | §<br>§<br>§<br>§　CIVIL ACTION NO. 3:07-4049-HFF-JRM<br>§<br>§<br>§<br>§ |

## ORDER

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and the petition dismissed without an evidentiary hearing. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on December 11, 2008, and the Clerk of Court entered Petitioner's objections to the Report on January 5, 2009.

In his objections, Petitioner first challenges the Magistrate Judge's conclusion that the petition is barred by the one-year statute of limitations. (Pet'r's Objections 3-5.) In particular, Petitioner disagrees with the Magistrate Judge's determination that the statute of limitations ran between December 6, 2007, and January 9, 2008, while Petitioner's "letter for reinstatement" was pending before the South Carolina Supreme Court. (Pet'r's Objections 5.)[*]

As explained by the Magistrate Judge, Petitioner's motion for reconsideration was denied as untimely by the South Carolina Supreme Court. (Report 3.) The statute of limitations is tolled only during the period that "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). As explained by the Supreme Court, "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The Court agrees with the Magistrate Judge's conclusion that Petitioner's motion for reconsideration was not properly filed because it did not comply with South Carolina Appellate Court Rule 221. *See* Report 6-7 (citing rule and additional authorities). Therefore, the statute of limitations continued to run after December 6, 2007, rendering Petitioner's present petition untimely. Thus, his contentions to the contrary are without merit.

---

[*]As acknowledged by the Magistrate Judge and explained in greater detail in the Report, if the statute was tolled between December 2007 and January 2008, then the Petition would have been timely filed within the one-year statute of limitations for habeas petitions. However, because the calculations are described in detail in the report, which is incorporated by reference below, the Court will not restate those calculations here.

Despite his conclusion that the present petition was untimely, the Magistrate Judge went on to consider the merits of Movant's two asserted grounds for relief, and, in the interests of thoroughness, the Court will do likewise. First, Petitioner argues that his trial attorney was ineffective for failing to impeach the victim with a prior inconsistent statement he made at Petitioner's bond hearing. (Objections 6.) Petitioner asserted this same argument in his state post-conviction-relief proceeding and the state judge concluded that the victim's trial testimony was not inconsistent with his prior statements. (Resp't's Return App. at 530.) When evaluating a state court decision, a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1). For the reasons outlined in the Report and because the issue of credibility of witnesses is better suited to the judge who is actually observing the witnesses, the Court finds that the state judge's decision was not contrary to nor did it involve an unreasonable application of federal law. Thus, Petitioner's objections regarding the impeachment issue are without merit.

Second, Petitioner argues that his attorney was ineffective for failing to object to the state's improper bolstering of the victim's testimony by police officers. (Objections 7.) However, this assertion is contradicted by the record because Petitioner's attorney actually did object to this testimony. (Resp't's Return App. of Trial Tr. at 141-42; 153-54.) Thus, Petitioner's argument to the contrary is without merit.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, finding them to be without merit, adopts the Report and incorporates it herein. Therefore, it is the judgment of this Court that Respondent's

motion for summary judgment is **GRANTED** and the petition is **DISMISSED** without an evidentiary hearing.

**IT IS SO ORDERED**.

Signed this 26th day of January, 2009, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.